Filed 4/8/21  P. v. Cummings CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Trinity)

----

|  |  |
|---|---|
| THE PEOPLE, | C082070 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F131) |
| v. | |
| JAMES EUGENE CUMMINGS, | |
| Defendant and Appellant. | |

Charged with murder, defendant James Eugene Cummings entered a negotiated plea of guilty to a lesser related offense of involuntary manslaughter and admitted personal use of a firearm in exchange for a sentencing lid of no more than seven years in state prison.  The court denied probation and sentenced defendant to state prison for seven years.

Defendant appeals.  He contends the trial court imposed an unauthorized sentence in imposing a jail incarceration fee.  The People concede, and we agree.

1

## PROCEDURAL BACKGROUND

The facts underlying the offense are not relevant to the issue raised on appeal. The Probation Department recommended, without authority, that the court impose the cost of incarceration in county jail of $20 per day. At sentencing, the court imposed, without citing any authority, a jail incarceration fee of $20 per day for the actual days defendant spent in jail ($20 x 973 days = $19,460). When defense counsel inquired whether the county applied the fee when a defendant is sentenced to prison, the court stated, "We do." Without citation of authority, the minutes reflect that this fee was imposed "for the portion of the term that was served in the County jail."

## DISCUSSION

Penal Code section 1203.1c, subdivision (a), provides in relevant part: "In any case in which a defendant is convicted of an offense and *is ordered to serve a period of confinement in a county jail*, city jail, or other local detention facility *as a term of probation or a conditional sentence*, the court may, after a hearing, make a determination of the ability of the defendant to pay all or a portion of the reasonable costs of such incarceration, including incarceration pending disposition of the case." (Italics added.) Penal Code section 1203.1c applies to the cost of incarcerating a *probationer* or a defendant serving a *conditional sentence*. Defendant was sentenced to state prison, thus section 1203.1c does not apply.

We are unaware of any authority and the trial court cited none which authorizes a fee for county incarceration pending disposition on a defendant who is sentenced to state prison. We will strike the court's order which requires defendant to pay the jail incarceration fee.

## DISPOSITION

The judgment is modified, striking the $19,460 jail incarceration fee. The trial court is directed to prepare an amended minute order and abstract of judgment

2

accordingly and to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

_____/s/_____
MURRAY, J.

We concur:

_____/s/_____
BLEASE, Acting P. J.

_____/s/_____
HOCH, J.